# FEDERAL DEFENDER SERVICES
## OF WISCONSIN, INC.
LEGAL COUNSEL

Craig W. Albee, Federal Defender
Krista A. Halla-Valdes, First Assistant

Joseph A. Bugni, Madison Supervisor
John W. Campion
Jessica Arden Ettinger
Anderson M. Gansner
Gabriela A. Leija
Dennise Moreno
Ronnie V. Murray
Tom E. Phillip
Joshua D. Uller
Alexander P. Vlisides
Kelly A. Welsh

517 East Wisconsin
Suite 182
Milwaukee, Wisconsin 53202

Telephone 608-260-9900
Facsimile 608-260-9901

December 15, 2021

The Honorable Stephen L. Crocker
United States Magistrate Judge
United States District Court
   for the Western District of Wisconsin
120 N. Henry Street
Madison, Wisconsin 53703

Re: *United States v. David Allen Brunk*, No. 3:21-mj-166-slc

Dear Judge Crocker:

In anticipation of tomorrow afternoon's hearing and in order to shorten it, the defense submits this letter brief with accompanying materials in support. As outlined below, David Brunk has a proposed release plan, and his release accords with the commands of Rule 32.1 and 18 U.S.C. §§ 3142, 3143.

Under Rule 32.1 and § 3143(a)(1), this Court can release Mr. Brunk on his own recognizance to appear in the Western District of Michigan if the defense demonstrates by clear and convincing evidence that he will not flee or pose a danger to the community if released subject to the conditions outlined in either § 3142(b) or (c). *See* Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143(a)(1). In light of the information that follows, Mr. Brunk can make that showing.

First, Mr. Brunk can be trusted to appear in court as required because he has a third-party custodian—his sister, Brenda Brunk—who will ensure that he appears. *See* 18 U.S.C. § 3142(c)(1)(B)(i) (court may release defendant subject to the condition that he "remain in the custody of a designated person"). Mr. Brunk has been living with his sister

in Baraga, Michigan (in the Upper Peninsula) for the last couple of years. Ms. Brunk's niece is able to drive her to Dane County Jail on Friday, December 15, 2021, to pick up Mr. Brunk and drive them back to Baraga—a ten-hour drive, round trip. Ms. Brunk will provide her telephone number to the U.S. Probation Office in this District and in the Western District of Michigan so that there is a second line of communication with Mr. Brunk. And she will ensure that Mr. Brunk has the means to attend his next court hearing. If the next hearing is held by Zoom, then she will loan Mr. Brunk her computer. And if the next hearing is held in-person, either in Marquette (before Magistrate Judge Vermaat) or in Kalamazoo (before District Judge Maloney), then she will loan Mr. Brunk her car so that he can drive to the hearing *See* Ex. A (Email from Brenda Brunk). By delaying Mr. Brunk's release until Ms. Brunk arrives to pick him up on Friday, and by putting Mr. Brunk on GPS monitoring, this Court can have added assurances that Mr. Brunk will make his next court appearance. *See* 18 U.S.C. § 3142(c)(1)(B)(xiv) (court may require a defendant to "satisfy any other condition that is reasonably necessary to assure the appearance of the person as required").

Second, Mr. Brunk does not pose a danger to any other person or the community. The conduct underlying his prior convictions for assault occurred in early June 2018—more than three-and-a-half years ago. *See* Judgment, *United States v. Brunk*, No. 2:18-cr-30 (W.D. Mich. Apr. 30, 2019), ECF No. 62 ("Judgment") ("offense ended" for both counts on June 2, 2018). Since his conviction in April 2019, he has had two judgments entered against him for violations of his supervised release but neither involved violent or otherwise dangerous conduct. Instead, those violations reflect substance abuse (personal use of marijuana and alcohol), issues with program attendance, and one failure to notify probation regarding a change in his address. *See* Judgments for Revocation, *Brunk*, ECF No. 94 (Feb. 22, 2021) & ECF No. 117 (Oct. 20, 2021). While these violations are unacceptable, they did not arise from the sort of behavior that portends a danger to the community—and that, of course, is the inquiry § 3142 demands.

What's more, the most recent information available to counsel shows that Mr. Brunk is making changes in his behavior and moving in the right direction. Among the conditions that the court imposed upon him was an order to pay restitution in the amount of $ 3,738.36. *See* Judgment at 6. In response, he recently obtained a $3,000 loan from Baraga County Federal Credit Union and directed that that money be paid to satisfy the vast majority of the restitution he owes. *See* Ex. B (Copy of Check to W.D. Mich.). The Western District received that payment on December 10, 2021. *See* Ex. C (Receipt from Clerk's Office, W.D. Mich.). Further, the U.S. Probation Office verified just three weeks ago that Mr. Brunk is "engaged in substance abuse services" at Keweenaw Bay Indian Community Outpatient Services, Baraga. *See* R.1:2. That is, while the petition notes that

Mr. Brunk has not toed the line, he has done a fair amount of good things that speak directly to whether he is going to flee or pose a danger to the community and which indicate that neither should be a concern.

Although not an express factor under Rule 32.1, § 3142, or § 3143, undersigned counsel also asks the Court to take into consideration the time of year that this hearing is taking place and the amount of time it will take for Mr. Brunk to be transported to Michigan by the U.S. Marshals. After speaking with the U.S. Marshals Service, it is this office's understanding that, if detained, Mr. Brunk most likely will not be able to be transported to the Western District of Michigan until after the new year and, even then, there is no guarantee that the transportation will move quickly.

In sum, when the Court examines what the law demands and the record now reflects, it should conclude that clear and convincing evidence supports Mr. Brunk's release. With a third-party custodian and GPS monitoring, Mr. Brunk will show up to his next court date; and, in light of Mr. Brunk's conduct over the last three years, he does not pose a threat to the community. Hopefully, as soon as Mr. Brunk is released, a hearing can be scheduled in Marquette and the allegations against him quickly resolved there. But for present purposes, when the Court weighs the question of release or detention, release is appropriate.

Thank you for your attention to this matter.

Respectfully,

*/s/ Jessica Arden Ettinger*

Jessica Arden Ettinger
Associate Federal Defender