PS 8 WD/MI
(Rev. 10/19)

# UNITED STATES DISTRICT COURT

for

Western District of Michigan

U.S.A. vs.   David Allen Brunk      Docket No.   2:18CR00030-01

**Petition for Action on Conditions of Pretrial Release**

COMES NOW   Daniel S. Roberts  , pretrial services/probation officer, presenting an official report upon the conduct of defendant   David Allen Brunk  , who was placed under pretrial release supervision by the Honorable   Paul L. Maloney  , sitting in the court at   Marquette, Michigan   on the   19th   date of   October  ,   2021   under the following conditions:

All conditions of supervised release and that he pay his restitution in full by November 22, 2021, per the verbal record of the Court.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short, insert here. If lengthy, write on separate sheet and attach.)

On October 19, 2021, Mr. Brunk appeared before the Court for a Revocation of Supervision Hearing. Mr. Brunk was granted self-surrender and was placed on bond under all conditions of his supervised release. Mr. Brunk was further ordered to pay his restitution in full by November 22, 2021.

On October 22, 2021, Mr. Brunk reported to the U.S. Probation Office, Marquette, Michigan (Probation Office), to provide a urine sample for drug testing. The sample screened presumptively positive for marijuana and on October 26, 2021, it was confirmed positive by Alere Toxicology, Gretna, Louisiana

PS 8 WD/MI
(Rev. 10/19)

(Alere Toxicology). Mr. Brunk's's positive sample was used as a baseline to determine if any subsequent positive samples were the result of residual marijuana metabolite or new use. This officer spoke with Mr. Brunk regarding his restitution payments. This officer provided contact information of the domestic violence counselor to Mr. Brunk and instructed him to contact her to begin his domestic violence batterers intervention sessions.

On October 28, 2021, Mr. Brunk submitted a urine sample for drug testing at Baraga County, Michigan, Memorial Hospital (BCMH). On November 10, 2021, the sample was confirmed positive for marijuana by Alere Toxicology.

On November 1, 2021, this officer made contact with Mr. Brunk in Houghton, Michigan. This officer asked Mr. Brunk if he contacted the domestic violence counselor and he reported he had not done so yet, but he would the next day. This officer reminded Mr. Brunk he was to pay his financial obligations by November 22, 2021.

On November 4, 2021, the domestic violence counselor reported she had not heard from Mr. Brunk in two weeks and if he did not make his next session, he would be removed from the domestic violence group.

On November 9, 2021, Mr. Brunk submitted a urine sample for drug testing at BCMH. On December 5, 2021, the sample was confirmed positive for marijuana by Alere Toxicology.

On November 10, 2021, this officer received an interpretation report from Pat Pizzo Director of Toxicology, Alere Toxicology, comparing the positive samples from October 13, 22, and 28, 2021. She found the data inconclusive and was unable to make a determination if Mr. Brunk's positive urine samples were the result of new use or residual elimination.

On November 14, 2021, this officer contacted the domestic violence counselor who reported she had not heard from Mr. Brunk about starting domestic violence sessions.

On November 17, 2021, Mr. Brunk submitted a urine sample for drug testing at BCMH. On December 1, 2021, the sample was confirmed positive for marijuana by Alere Toxicology.

On November 22, 2021, this officer contacted Mr. Brunk's counselor at Keweenaw Bay Indian Community Outpatient Services, Baraga, and verified the defendant was engaged in substance abuse services. This officer spoke with her about helping Mr. Brunk complete his Zoom appointments for domestic violence counseling. This officer provided her the domestic violence provider's contact information.

On December 5, 2021, the domestic violence counselor reported Mr. Brunk failed to attend his group meeting on December 2, 2021, as required.

On December 6, 2021, this officer received an interpretation report from Pat Pizzo Director of Toxicology comparing the samples from October 13, 22, 28, November 9, and 17, 2021. It is her opinion Mr. Brunk reused marijuana prior to the collection on November 17, 2021.

On December 7, 2021, Mr. Brunk failed to appear for a Status Conference by telephone. This officer made contact with Mr. Brunk via telephone following the hearing and he reported he did not make any payments towards his restitution. He stated since he had another year of supervised release, he intended to make monthly payments. This officer asked about his tribal stipend he received and he explained he spent it on

PS 8 WD/MI
(Rev. 10/19)

himself instead of making a payment towards restitution. This officer asked why he missed his hearing and he stated he forgot about it. This officer asked if he started his domestic violence counseling and he reported he had not. This officer asked Mr. Brunk if he had used marijuana since his placement on bond and he denied use.

PRAYING THAT THE COURT WILL ORDER the issuance of a warrant for Mr. Brunk to have him brought before the Court to answer why his bond should not be revoked due to his failure to appear in Court, use of marijuana, failure to make payments, and failure to participate in domestic violence counseling.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12/7/2021

_____/s/Daniel S. Roberts_____
U.S. Pretrial Services/Probation Officer

Place            Marquette, Michigan

## Court Order

☐ No Action

☒ The Court finds there is probable cause to believe the Defendant has violated the conditions of his/her release and orders the issuance of a warrant for his/her arrest.

☐ Summons to Appear and Show Cause

☐ Modification of the Bond and/or the Conditions of release as requested.

☐ Other

Considered and ordered this ___8th___ day of ___December___, 20 _21_ and ordered filed and made a part of the records in the above case.

/s/ Paul L. Maloney
_____
U.S. District Judge/Magistrate Judge

3